UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODERICK COLVIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16CV00744 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Roderick Colvin's *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence [1][1], Motion to Correct Sentence under 28 U.S.C. § 2255 [5], and Amended Motion to Vacate Pursuant to 28 U.S.C. § 2255 and Additional Legal Citation [7].

**I.     BACKGROUND**

On August 11, 2008, a criminal complaint was filed against Petitioner Roderick Colvin ("Petitioner") alleging he possessed a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). On August 13, 2008, a grand jury returned an indictment against Petitioner for the charge of felon in possession of a firearm, as stated in the complaint. On December 2, 2008, Petitioner pled guilty to being a felon in possession of a firearm. He was sentenced on March 10, 2009, to 210-months imprisonment and five years of supervised release. Petitioner's sentence was amended to 180-months imprisonment on March 6, 2010, on request of the Government for a downward departure pursuant to Federal Rule of Criminal Procedure 35(b).

---

[1] Petitioner's initial motion was filed *pro se* and was a letter to Judge Carol Jackson. The Court construes this as a motion to vacate pursuant to 28 U.S.C. § 2255.

To determine Petitioner's original sentence, the Court used the 2008 United States Sentencing Guidelines Manual. Petitioner's base offense level was calculated to be 24 under § 2K2.1(a)(1)(2), because Petitioner committed the offense after sustaining at least two prior convictions for crimes of violence. He received a four-level increase, because he possessed a firearm with an altered or obliterated serial number. Four levels were added because he possessed the firearm in connection with another felony offense, Intent to Distribute Narcotics. Petitioner received a Chapter Four enhancement to offense level 34, because he was found to be an Armed Career Criminal. Three levels were subtracted for acceptance of responsibility. His total offense level was 31. Petitioner's criminal history category was VI. The guideline range was 188 to 235 months. He was originally sentenced to 210-months imprisonment and a five-year term of supervised release.

Pursuant to the Government's request, Petitioner's sentence was reduced. However, because of his prior convictions, the statutory range of punishment for his offense was not less than fifteen years. Therefore, Judge Jackson amended his judgment and sentenced him to the mandatory minimum of 180-months imprisonment. Petitioner's supervised release remained the same.

After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present *pro se* motion to correct his sentence asserting he is no longer an Armed Career Criminal in light of the Supreme Court's decision in *Johnson*. The Federal Public Defender's Office was appointed to represent Petitioner and the Assistant Public Defender filed an amended motion to vacate, which the Court will now address.

**II.     ANALYSIS**

The Armed Career Criminal Act ("ACCA") establishes a minimum term of imprisonment of fifteen years for individuals convicted of certain crimes who have sustained three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924. The ACCA defines "violent felony" as:

> . . . any crime punishable by imprisonment for a term exceeding one year, . . . that (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court determined the residual clause in the definition of "violent felony" in the ACCA was unconstitutionally vague. 135 S. Ct. 2551. The second half of (ii), "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is the "residual clause" which the Supreme Court found to be unconstitutional. Subsequently, in *United States v. Welch*, the Supreme Court ruled *Johnson* was a new substantive rule, retroactive on collateral review. 136 S. Ct. 1257 (2016). Thus, defendants, who were determined to be Armed Career Criminals under the residual clause of the ACCA, may seek collateral review of their sentences within one year of the Supreme Court's *Johnson* decision. Petitioner filed his motion within the one-year time limit.

Petitioner was considered to be an Armed Career Criminal, because he has the following prior felony convictions: Unlawful Use of a Weapon (possession of a sawed-off shotgun), Attempted Escape from Custody, Escape from Custody, Unlawful Use of a Weapon – Exhibit, Resisting Arrest, Burglary Second Degree, and Assault Second Degree, Felonious Restraint. Petitioner asserts his prior convictions for felonious restraint, unlawful use of a weapon, and burglary second degree are no longer violent felonies after the decision in *Johnson*. The Government argues Petitioner remains an Armed Career Criminal, because his prior convictions

3

for unlawful use of a weapon – exhibiting, resisting arrest, and assault second degree still qualify as crimes of violence. In his reply, Petitioner states his convictions for resisting arrest and unlawful use of a weapon – exhibiting qualify as a single offense, not two separate offenses, and neither qualifies as a violent felony. The Court will address Petitioner's and the Government's arguments as follows.

> A. *Unlawful Use of a Weapon – Exhibiting and Resisting Arrest*

The Government asserts Petitioner's prior convictions for unlawful use of a weapon – exhibiting and resisting arrest qualify as two separate violent felonies, even though they occurred on the same day. Petitioner argues the two convictions are considered a single offense and can only be considered as one predicate offense for the ACCA. The parties also dispute whether the prior convictions satisfy the use of force clause in the ACCA.

> 1. Single Offense or Separate Offenses

The ACCA requires the three prior felony convictions used as predicate offenses be violent felonies "committed on occasions different from one another." 18 U.S.C. § 924(e). The two convictions at issue, unlawful use of a weapon – exhibiting and resisting arrest, were charged in the same charging document and occurred on the same date, ten minutes apart.

The charging document for these two crimes states:

> COUNT 03: UNLAWFUL USE OF WEAPON (EXH. – GUN) – CLASS D FELONY
>
> That Roderick Colvin, in violation of Section 571.030.1(4) RSMo., committed the class D felony of unlawful use of a weapon . . . in that on or about Saturday, January 27, 1995 at approximately 2:30 a.m., at or near the 5400 block of King, in the County of St. Louis, State of Missouri, Roderick Colvin knowingly exhibited a .38 caliber revolver, in the presence of one or more persons, in an angry or threatening manner
>
> COUNT 04: RESISTING ARREST – CLASS D FELONY

> That Roderick Colvin, in violation of Section 575.150 RSMo., committed the class D felony of resisting arrest . . . in that on or about Saturday, January 27, 1995 at approximately 2:40 a.m., at 5503 King, Apt. C, in the County of St. Louis, State of Missouri, Police Officer Bono and Detective Shannon, making an arrest of Roderick Colvin for tampering with a motor vehicle, and the defendant, knowing that the officer was making an arrest and for the purpose of preventing the officer from effecting the arrest, resisted the arrest of Roderick Colvin by using or threatening to use violence or physical force: to wit by hitting and kicking Officer Bobo and Detective Shannon.

"Discrete criminal episodes, rather than dates of convictions, trigger the [ACCA] enhancement." *United States v. Gray*, 85 F.3d 380, 381 (8th Cir. 1996). A continuous course of conduct will not trigger the enhancement. *United States v. Willoughby*, 653 F.3d 738, 741 (8th Cir. 2011). To determine if two convictions are considered separate episodes, a court considers the facts surrounding the offenses. *United States v. Boman*, 810 F.3d 534, 543 (8th Cir. 2016) *vacated on other grounds by Boman v. United States*, 137 S. Ct. 87 (2016). There are three factors which determine if the episodes were discrete: "(1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity." *Id*. The last factor is often "demonstrated in the violent-felony context by different victims or different aggressions." *Id*. The Court may consider the offenses of conviction and the underlying facts to determine if they are separate episodes. *United States v. Boyles*, 235 F.3d 1057, 1057 (8th Cir. 2000).

The facts of Petitioner's prior convictions lead to the conclusion the convictions were discrete criminal episodes. Petitioner was charged with five counts for what occurred on the night of January 27, 1995: Tampering in the First Degree, Stealing a Firearm-Felony, Unlawful use of Weapon (Exh.-Gun), Resisting Arrest (Felony), and Resisting Arrest (Misdemeanor). The facts from the charging statement are as follows: Around 2:15 a.m. on January 27, 1995,

5

Petitioner knowingly and without the consent of the owner unlawfully operated a 1978 Pontiac Firebird at or near Behle and the 8100 Block of Martin Luther King. At 2:15 a.m., Police Officer Bono attempted to arrest Petitioner for tampering with an automobile and Petitioner fled in an automobile. At 2:30 a.m., Petitioner appropriated a Smith-Wesson .38 caliber revolver without the consent of the owner and with the purpose to deprive him of it at 5471 King.[2] Also around 2:30 a.m., Petitioner knowingly exhibited a .38 caliber revolver, in the presence of one or more persons, in an angry or threatening manner at or near the 5400 block of King. Around 2:40 a.m., Petitioner resisted arrest by threatening to use violence or physical force by hitting and kicking Officer Bono and Detective Shannon at 5503 King, Apt. C.

There is a time lapse between the unlawful use of a weapon and resisting arrest episodes, albeit only ten minutes, a physical distance between the unlawful use of the weapon and resisting arrest, and a lack of overall substantive continuity, because the two crimes involved different aggressions. For unlawful use of a weapon, Petitioner exhibited a revolver, which he had stolen, while in the resisting arrest count, Petitioner hit and kicked two law enforcement officers.

In *United States v. Schieman*, the Eighth Circuit held a burglary and aggravated battery offense were two separate, distinct episodes even though committed only a few blocks apart and ten minutes apart. 894 F.2d 909, 913 (7th Cir. 1990). In that case, the defendant burgled a store and was approached by a police officer, who was investigating the burglary, three blocks away from the store. *Id*. at 910. The defendant knocked the officer to the ground and ran away. *Id*. He was charged with one count of burglary and one count of aggravated battery. *Id*. The Eighth Circuit stated:

---

[2] The charging statement refers to King throughout counts 2-4, which the Court assumes means Martin Luther King as used in Count 1.

> Once the original crime is complete, there is no principled way to distinguish between an attack in response to an investigation commenced within ten minutes of the burglary and an attack in response to an investigation commenced a day after the burglary. To make a distinction in this situation would grant the criminal an unintended windfall for the detection of his crime.

*Id*. at 913. Here, it is clear the resisting arrest charge was an attack in response to an investigation into the stolen vehicle and stolen gun; they are separate and distinct criminal offenses.

The Eighth Circuit analyzed the *Schieman* case as well as three others from the Fifth, Sixth, and Fourth Circuits, which all dealt with the issue of whether a crime committed against a police officer shortly after the original crime is considered a separate offense. *United States v. Davidson*, 527 F.3d 703, 709-710 (8th Cir. 2008) *vacated in part on other grounds by* 551 F.3d 807 (8th Cir. 2009).[3] In *Davidson*, the defendant, Davidson, argued his prior convictions for attempted domestic assault and resisting arrest were not committed on occasions different from one another for the purposes of the ACCA. *Id*. at 707. Davidson assaulted his girlfriend while in a bar and then continued to assault her when they driving in a car. *Id*. A deputy sheriff stopped Davidson for a traffic stop and his girlfriend screamed he was assaulting her. *Id*. Davidson sped away with his girlfriend still in the car which resulted in a high speed chase. *Id*. Eventually, Davidson was apprehended. *Id*.

After considering the reasoning of the other circuits, who are split on this issue, the Eighth Circuit determined the two offenses were committed on different occasions. *Id*. at 710. "The traffic stop represented a discernible pause in activity during which Davidson had an opportunity to cease and desist from further criminal activity." *Id*. "The pause between the two offenses was brief, but crimes committed in rapid succession are still committed on different

---

[3] The cases analyzed by the Eighth Circuit are *United States v. Ressler*, 54 F.3d 257, 260 (5th Cir. 1995), *United States v. Graves*, 60 F.3d 1183, 1184-85 (6th Cir. 1995), and *United States v. Leeson*, 453 F.3d 631, 639-40 (4th Cir. 2006).

occasions when they reflect distinct aggressions." *Id*. (internal quotations omitted). The reasoning of *Davidson* and *Schieman* applies in this case. The pause between the exhibition of the gun and the resisting arrest was brief, but there was time for Petitioner to cease and desist from further criminal activity. The crimes occurred in two different locations, ten minutes apart, and should be considered to be different aggressions.

Petitioner cites to *United States v. Mann*, 552 Fed. App'x 464, 470 (6th Cir. 2014) in support of his argument his convictions should be considered a single offense. In *Mann*, the Sixth Circuit relies on its decision in *United States v. Graves*, 60 F.3d 1183 (6th Cir. 1995), to determine the defendant's crimes were a single episode. 552 Fed. App'x at 470. However, in *Davidson*, the Eighth Circuit analyzed, and rejected, the reasoning of *Graves*. 527 F.3d at 709-710. Therefore, the Court will not apply the *Graves* or *Mann* case in this matter.

For the above stated reasons, the Court finds Petitioner's convictions for unlawful use of a weapon – exhibiting and resisting arrest qualify as two separate offenses for the purposes of enhancement under the ACCA.

2. Unlawful Use of a Weapon – Exhibiting

Petitioner argues his prior conviction for unlawful use of a weapon – exhibiting does not qualify as a violent felony under the ACCA. The Court will analyze whether Petitioner's conviction for unlawful use of a weapon - exhibiting is a predicate offense under the first clause, the elements or use-of-force clause, only, because it clearly is not one of the enumerated offenses listed in (ii) of the ACCA.

The Court applies the categorical approach to determine if a conviction qualifies as a crime of violence when the statute underlying the conviction is indivisible. *United States v. Bell*, 840 F.3d 963, 964 (8th Cir. 2016) (citing *United States v. Gordon*, 557 F.3d 623, 625 (8th Cir.

8

2009)). The categorical approach focuses on the generic elements of the offense, not on the specific underlying facts of the conviction. *Id*. Under the categorical approach, a court "must consider the lowest level of conduct that may support a conviction under the statute." *Id*. at 5. When a statute is divisible, or has multiple alternative elements, some of which qualify as violent felonies and some of which do not, the Court applies the modified categorical approach, which allows a sentencing court to look at a limited class of documents, the indictment, jury instructions, or plea agreement and colloquy, to determine what crime, with what elements, of which a defendant was convicted. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

The statute at issue here, Missouri Revised Statute § 571.030 (1995), is clearly divisible and so the modified categorical approach must be applied. The statute permits ten different ways a person can commit the crime of unlawful use of weapons. Petitioner was convicted under § 571.030(4) which states:

> 1. A person commits the crime of unlawful use of weapons if he or she knowingly:
> (4) Exhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner . . .

Mo. Rev. Stat. § 571.030(4) (1995). In *United States v. Hudson*, the Eighth Circuit decided § 571.030(4)[4] qualifies as a "crime of violence" under the United States Sentencing Guidelines or as a "violent felony" under the ACCA. 851 F.3d 807, 808-810 (8th Cir. 2017). The Eighth Circuit reaffirmed this decision in *Boaz v. United States*, when it applied its reasoning in *Hudson* to determine if an Arizona statute with similar language was a violent felony. No. 16-4127, slip

---

[4] Although the Eighth Circuit was analyzing a more recent version of the statute, the language is identical to the statute at issue in this matter.

op. at 4-5 (8th Cir. Mar. 13, 2018).[5] Therefore, the Court will apply the holding of the Eighth Circuit and find Petitioner's prior conviction for unlawful use of a weapon is a predicate felony under the ACCA.

       3.       Resisting Arrest

Petitioner and the Government also disagree on whether Petitioner's conviction in 1995 for Resisting Arrest qualifies as a violent felony. The statute at issue, Missouri Revised Statute § 575.150, is divisible and the Court must apply the modified categorical approach to determine if Petitioner's conviction qualifies as a violent felony. *United States v. Shockley*, 816 F.3d 1058, 1063 (8th Cir. 2016) (applying the modified categorical approach in analyzing Missouri Revised Statute § 575.150). The statute states:

> 1. A person commits the crime of resisting or interfering with arrest, detention, or stop if . . . the person:
> (1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; or . . .
>
> 5. . . . Resisting an arrest, detention or stop by fleeing in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person is a class D felony . . .

Mo. Rev. Stat. § 575.150 (1995). In *United States v. Shockley*, the Eighth Circuit stated "the Missouri statute includes conduct that falls under the ACCA's force clause, such as resisting arrest, stop or detention 'by threatening the use of violence or physical force.'" 816 F.3d at 1063.[6]

Petitioner's charging documents state he was charged with "knowing that the officer was making an arrest and for the purpose of preventing the officer from effecting the arrest, resisted

---

[5] Petitioner asked the Court to wait on ruling on this issue until the Eighth Circuit decided *United States v. Swopes*. On March 29, 2018, the Eighth Circuit issued its opinion in *Swopes* and declined to rule on the issue of whether unlawful use of a weapon is a violent felony. No. 16-1791, slip op. at 6-7 (8th Cir. Mar. 29, 2018).
[6] The Eighth Circuit does not indicate which version of the statute it is analyzing in this opinion. However, the language is the same as the language in the 1995 version of the statute at issue here.

the arrest of Roderick Colvin by using or threatening to use violence or physical force." This is § 575.150.1(1), the same section of the statute which the Eighth Circuit determined includes conduct that falls under the ACCA's force clause in *Shockley*. Therefore, Petitioner's conviction for resisting arrest qualifies as a violent felony and a predicate offense under the ACCA.

B.  *Assault Second Degree*

Petitioner's next conviction at issue is Assault Second Degree pursuant to Missouri Revised Statute § 565.060 (1999). Petitioner was charged and convicted under § 565.060.1(2) which states:

1. A person commits the crime of assault in the second degree if he:

(2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument . . .

In *United States v. Alexander*, the Eighth Circuit held § 565.060.1(2) is a crime "'that has as an element the use, attempted use, or threatened use of physical force against the person of another' and therefore constitutes a violent felony." 809 F.3d 1029, 1032 (8th Cir. 2016). Therefore, the Court concludes Petitioner's conviction for assault second degree, under the same section of the statute, qualifies as a predicate offense and a violent felony.

Because the Court finds three of Petitioner's convictions qualify as violent felonies, it need not address the remainder of his convictions. Petitioner remains an Armed Career Criminal and his motion will be denied.

## III.  CERTIFICATE OF APPEALABILITY

The Court will grant Petitioner a certificate of appealability as to the issue of whether his prior conviction for unlawful use of a weapon - exhibiting is a predicate offense under the ACCA. The Court finds Petitioner has made a substantial showing of the denial of a

constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). The Court is denying Petitioner's Motion to Vacate, finding he is an Armed Career Criminal, because it is required to follow the Eighth Circuit's holding in *United States v. Hudson*, 851 F.3d 807, 808-810 (8th Cir. 2017). However, in *Swopes*, the Eighth Circuit, *en banc*, returned the case to the panel for resolution of the issue of whether unlawful use of a weapon is a violent felony. Therefore, the Court finds a certificate of appealability can issue in this case as to this same issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Roderick Colvin's *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence [1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 [5] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Motion to Vacate Pursuant to 28 U.S.C. § 2255 and Additional Legal Citation [7] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealibility is issued as to the issue of whether Petitioner's prior conviction for unlawful use of a weapon is a violent felony under the Armed Career Criminal Act.

So Ordered this 4th day of April, 2018.

*E. Richard Webber* (signature)

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**